

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lowell Thomas Walker, ) | CIVIL ACTION NO. 9:12-1859-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Bengerman Thomas, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a detainee at the Lexington County Detention Center[1], alleges a violation of his constitutional rights by the Defendant physician.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 9, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 11, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a one (1) page response to the Defendant's motion on January 31, 2013, together with a "supplement" on February 6, 2013. On February 11, 2013, Defendant filed a reply memorandum.

---

[1]Plaintiff has, since the filing of this action, been released from custody. See Court Docket No. 28 [Change of Address Notice].

Defendant's motion is now before the Court for disposition.[2]

### Background and Evidence

Plaintiff alleges in his verified Complaint[3], <u>in</u> <u>toto</u>, as follows:

> On or before 6-4-2012 I went to go see the Dentist at Lexington County Detention Center. They took my Blood Pressure one time and it was high. It was 144 over 100 and him and his assistance was joking about me having a stroke or heart attack. Instead of the Dentist pulling it up out of my gum he pushed it toward my cheek now I have a gaping whole in the side of my gum. Its been 14 days I'm still bleeding and now I have bone fragments coming out of my gums. I wrote the Dentist on 6-24-2012 an he refused to see me. How can I be denied Medical treatment. I almost forgot that my tooth in front of it is kind of loose because of the whole in my mouth and I know its good an I don't want to lose it because what had occurred to my mouth.

<u>See</u> <u>Complaint</u>, p. 3 (Section V - Statement of Claim).

Plaintiff seeks monetary damages, and that the Defendant be "fired". Plaintiff has attached to his Complaint a copy of a Health Service Request dated June 24, 2012, in which Plaintiff asks "why my gum ain't healed yet?", and "why my mouth still bleeds?". In this Health Service Request, which was apparently intended for the Defendant, Plaintiff also states "I don't want to talk to you either about this matter either". This request form indicates in the "response" section "referred to dental", with a date of June 28, 2012. <u>See generally</u>, <u>Plaintiff's Verified Complaint</u>, with attached exhibit.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).



In support of summary judgment in the case, the Defendant[4] has submitted several exhibits which indicate that the Defendant is a dentist employed by Correct Care Solutions.[5] These exhibits include a dental examination report dated June 4, 2012, which indicates that Plaintiff was seen by the Defendant on that date for a broken tooth. See Exhibit (Court Docket No. 25-2, p. 2). Plaintiff consented to have oral surgery performed, following which he was instructed to keep the gauze firmly in place in his mouth for thirty minutes to one hour. See Exhibits (Court Docket 25-2, pp. 4-5). On June 24, 2012, Plaintiff filed a Health Service Request complaining that his gum had not yet healed. See Exhibit (Court Docket 25-2, p. 3).[6] Defendant's exhibits reflect that Plaintiff was seen by the Defendant for a post-op followup on July 13, 2012, at which time Plaintiff was treated and prescribed some medications. See Exhibits (Court Docket 25-2, pp. 2, 6). The Defendant's exhibits then reflect that Plaintiff subsequently sent in Health Service Requests on both July 21, 2012, and April 11, 2012, neither of which contain any complaints about his tooth or his dental care. See Exhibits (Court Docket 25-2, pp. 7-8). Plaintiff also attached copies of these last two exhibits to his supplemental response.

## Discussion

---

[4] Although the Defendant is identified by Plaintiff in the caption of the Complaint as "Bengerman" Thomas, Defendant states that his actual name is Benjamin Thomas.

[5] Although no affidavit from Dr. Thomas has been provided, it does not appear to be disputed that Dr. Thomas, a private physician, provides dental services to inmates at the Lexington County Jail on a contract basis, thereby making him subject to suit under §1983. West v. Atkins, 487 U.S. 42, 48 (1988)[Holding that private physicians that contracted with the State to provide medical care to prisoners were state actors because they were hired to fulfil an obligation - medical care - which was traditionally filled by the State]; Jones v. Correctional Care Solutions, No. 09-269, 2010 WL 2639788 at * 6 (D.S.C. June 7, 2010)[Declining to recommend dismissing Correctional Care Solutions on the basis that it did not act under color of state law], adopted by, 2010 WL 2926178 (D.S.C. July 23, 2010), aff'd, 397 Fed. Appx. 854 (4th Cir. Oct. 6, 2010).

[6] This is the same exhibit Plaintiff attached to his Complaint, previously referenced.



3

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendant argues, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18,



9:12-cv-01859-JFA     Date Filed 02/12/13    Entry Number 35     Page 5 of 11

2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the Lexington County Detention Center.

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, Defendant points out in his motion for summary judgment that Plaintiff himself states in his verified Complaint that the Lexington County Detention Center has a grievance procedure, that he filed a grievance concerning the claim he is raising in this lawsuit on June 22, 2012, and that at the time he filed this lawsuit (the Complaint is dated only six days later, June 28, 2012), he had not received a final agency/departmental/institutional answer or determination concerning his grievance. See Complaint, Section II. Defendant further notes that the evidence reflects that Plaintiff did not file his Health Service Request complaining about his gums not having healed until two days *after* he filed his grievance, and that he was thereafter seen by the Defendant for a post-op followup on July 13, 2012. See Defendant's Exhibits (Court Docket 25-2, pp. 2-3, 6).

While neither Plaintiff or the Defendant have set forth exactly what the grievance procedure at the jail is or was, Defendant argues that the evidence before the Court, including Plaintiff's own admission in his verified Complaint, clearly shows that Plaintiff did not exhaust his administrative remedies with respect to his claim before filing this lawsuit. The undersigned is constrained to agree. The evidence before the Court shows that Plaintiff was seen by the Defendant



for complaints of a broken tooth on June 4, 2012, and received treatment which included oral surgery on that date. According to the Complaint, Plaintiff thereafter filed a grievance concerning the treatment he received on June 22, 2012,[7] although the evidence shows that he did not file a medical request with respect to the complaints he had about his treatment until two (2) days later, June 24, 2012.[8] Plaintiff then filed this lawsuit only four (4) days later.

Where a grievance procedure has been provided by jail authorities, an inmate is required to exhaust that grievance procedure before filing a lawsuit. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]. Here, the short time frame involved and Plaintiff's own admission that he had not received a response to his grievance prior to filing this lawsuit, together with the evidence submitted by the Defendant, is sufficient to meet Defendant's burden of showing failure to exhaust. Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000)[Where prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his Complaint, Prisoner has failed to exhaust available administrative remedies]. Even if Plaintiff's administrative remedies were subsequently exhausted, that would still not allow him to now proceed with this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the

---

[7]A copy of this purported grievance has not been provided to the Court.

[8]The Defendant also points out that while Plaintiff states in his verified Complaint that he "wrote the dentist on 6-24-2012 an[d] he refuses to see me", Plaintiff wrote on his June 24 service request that he "don't want to talk to you either about this matter either". In any event, it is clear in the evidence before this Court that Plaintiff was seen for a followup evaluation by the Defendant on July 13, 2012.



litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Therefore, the Defendant is entitled to summary judgment in this case for failure to exhaust. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Bridgeforth v. Workman, 410 Fed. Appx. 99, 100-101 (10th Cir. 2010)[Mere "good-faith efforts to comply with grievance procedures . . . do [ ] not excuse failure to exhaust."]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).

Additionally, even if this Court were to find that, because the Defendant failed to provide any evidence setting forth exactly what the grievance procedure at the jail was, the Court is unable to find that the Defendant has met his burden of showing a failure to exhaust this procedure, the evidence before the Court is still not sufficient to give rise to a genuine issue of fact as to whether a constitutional violation occurred in this case. Plaintiff was apparently a pre-trial detainee during the time period set forth in the complaint; therefore, his claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In order to survive summary judgment and proceed with his claim for denial of adequate medical care as a *constitutional claim*, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether the Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir.



1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).[9]  The evidence before the Court fails to create an issue of fact as to whether the Defendant was deliberately indifferent to Plaintiff's serious medical needs for purposes of a constitutional claim.

The allegations of Plaintiff's Complaint clearly reflect that he was seen by Dr. Thomas for his complaints, and that as a result Dr. Thomas performed oral surgery on him, and then saw him again for a followup visit the following month, where Plaintiff received some more medications. Even assuming Plaintiff's allegations that he continued to have pain following his oral surgery to be true for purposes of summary judgment, there is nothing in the evidence that has been submitted to this Court to show a constitutional violation.  See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. at 837.  While Plaintiff complains about the treatment he received, including that his oral surgery was not properly performed, he has submitted no medical evidence to show that Dr. Thomas was deliberately indifferent to his medical condition.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]).  Hence, Plaintiff's personal

---

[9]Even if Plaintiff was not a pre-trial detainee, but was instead at the time of the Complaint a convicted prisoner, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same.  See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections].

8



opinion notwithstanding, nothing in the evidence before the Court gives rise to a genuine issue of fact as to whether Dr. Thomas, or anyone else, was deliberately indifferent to Plaintiff's serious medical needs.  House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"].

Plaintiff may, of course, pursue a claim in state court if he believes Dr. Thomas committed malpractice.  However, that is not the issue before this Court.  Estelle v. Gamble, 429 U.S. 97, 106 (1976)["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."].  Because the evidence before the Court is insufficient to raise a genuine issue of fact as to whether Dr. Thomas was deliberately indifferent to Plaintiff's serious medical needs, the standard for a constitutional claim, Plaintiff's federal § 1983 medical claim should be dismissed.  See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care].

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary



judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies. Alternatively, if the Court determines that the Defendant did not meet his burden of showing failure to exhaust (since there is no evidence before the Court indicating exactly what the grievance procedure at the Lexington County Jail was), in that event it is recommended that the Defendant's motion be **granted**, and that this case be **dismissed** with prejudice, on the merits.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

February 12, 2013
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

