UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lowell Thomas Walker, | ) | C/A No. 9:12-1859-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Benjamin Thomas, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Lowell Thomas Walker, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendant was deliberately indifferent to his medical needs regarding a broken tooth. The plaintiff was a pretrial detainee at the Lexington County Detention Center at the time this action was filed and he has since been released from custody.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that the defendant's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was notified of his right to file objections to the Report and Recommendation. The plaintiff filed a one-page objection memorandum to the Report merely noting that it was unjust for the defendant to "mess up people mouths." The plaintiff's objection is overruled.

The Magistrate Judge properly notes in his Report that prisoners must exhaust their administrative remedies *prior to* filing suit in federal court challenging prison conditions. The Magistrate Judge opines that the defendant has met its burden of showing that the plaintiff failed to exhaust his administrative remedies. Moreover, the Magistrate Judge suggests that plaintiff has failed to show that the defendant was deliberately indifferent to his medical condition.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the defendant's motion for summary judgment on the issue of exhaustion is granted and plaintiff's complaint is dismissed for failure to exhaust his administrative remedies.

IT IS SO ORDERED.

June 4, 2013                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

2